295 Ga. 184
FINAL COPY

S14Y0711. IN THE MATTER OF HUDSON OWEN MADDUX.

PER CURIAM.

This reciprocal disciplinary matter is before the Court on the Report and Recommendation of the Review Panel, recommending that we impose a nine-month suspension on Hudson Owen Maddux (State Bar No. 465516) following his receipt of a nine-month suspension in Tennessee. See Maddux v. Board of Professional Responsibility, 409 SW3d 613 (Tenn. 2013); Rule 9.4 (b), as amended, of the Georgia Rules of Professional Conduct as set out in Bar Rule 4-102 (d). Maddux acknowledged service of the notice of reciprocal discipline, but has not otherwise responded.

The Tennessee Supreme Court found as fact that after Maddux was retained to represent a client in a dispute with the client's business partner in a landscaping business, he sent a letter to customers of the business, advising them to send any money owed to the business to him to be deposited with the court pending a ruling regarding payment to creditors. See Maddux, 409 SW3d at 615-616. But, there was no case pending when the letter was mailed. Several weeks later, Maddux filed a lawsuit against the landscaping partner. While the

case was pending, the opposing counsel discovered that Maddux had received funds from landscaping customers in response to his letter and had not deposited them with the court. Although the court ordered Maddux to explain the disposition of those funds, he failed to adequately account for them and failed to pay the funds collected to the court as he represented he would in his letters. The Tennessee Court held that Maddux violated several provisions of Tennessee's Rules of Professional Conduct, and after weighing various mitigating and aggravating factors, including the fact that Maddux had twice before been suspended as a result of disciplinary infractions,[1] the Tennessee Court imposed a nine-month suspension.

The Review Panel reviewed the Tennessee opinion and found that none of the elements listed in Rule 9.4 (b) (3) would authorize the imposition of different punishment. Accordingly, it concluded that a nine-month suspension was the appropriate sanction.

---

[1] See Board of Professional Responsibility v. Maddux, 148 SW3d 37 (Tenn. 2004) (30-day suspension) and Maddux v. Board of Professional Responsibility, 288 SW3d 340 (Tenn. 2009) (five-month suspension); see also In the Matter of Maddux, 281 Ga. 607 (642 SE2d 317) (2007) (30-day suspension as reciprocal discipline); In the Matter of Maddux, 287 Ga. 579 (697 SE2d 836) (2010) (five-month suspension as reciprocal discipline).

2

After reviewing the record, the Court agrees with the Review Panel's recommendation that a nine-month suspension is the appropriate sanction in this reciprocal discipline context. Accordingly, Maddux's license to practice law in this State is suspended for nine months effective as of the date of this opinion and until such time as Maddux provides proof that he has been reinstated to the practice of law in Tennessee. At the conclusion of the suspension imposed in this matter, Respondent may seek reinstatement by demonstrating to the State Bar's Office of General Counsel that he is entitled to reinstatement. If the State Bar agrees, it will submit a notice of compliance to this Court, and this Court will issue an order either granting or denying reinstatement. Maddux is reminded of his duties under Bar Rule 4-219 (c).

Nine-month suspension. All the Justices concur

Decided May 5, 2014.

Suspension.

Paula J. Frederick, General Counsel State Bar, Carmen R. Rafter, Assistant General Counsel State Bar, for State Bar of Georgia.

3